IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rosalia Choice, ) | |
| ) | Civil Action No. 6:13-479-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Thyssen Krupp Industrial Services NA, ) | |
| Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion for sanctions (doc. 28). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On February 21, 2013, this case was removed from Greenville County Court of Common Pleas. The plaintiff filed an amended complaint on February 28, 2013 (doc. 6). In her amended complaint, the plaintiff raises claims against her current employer for employment discrimination based on her sex in violation of the Equal Pay Act; failure to pay overtime under the Fair Labor Standards Act; and diversion of wages under the South Carolina Payment of Wages Act.

On September 13, 2013, the defendant filed a motion for sanctions. On September 26, 2013, the plaintiff filed her response in opposition (doc. 30). On December 9, 2013, a hearing on pending motions was held before the undersigned.

**FACTS PRESENTED**

The plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) included an email the plaintiff sent to one of the defendant's executives, Ian Gardner, regarding "the difference in pay between [the plaintiff] and the other leads" (doc.

28-3 at p. 1).   The plaintiff concluded the email by asking Mr. Gardner to contact her "as soon as possible" to discuss her "equal pay/compensation" (*id.* at p. 2). When questioned about this email at her deposition, the plaintiff testified that she received a call in response to that email from Michelle Romick, a member of the defendant's Human Resources Department, and Mr. Gardner (doc. 28-4 at p. 98).  The plaintiff testified that, unbeknownst to either Mr. Gardner or Ms. Romick, she secretly recorded the phone conversation (*id.* at pp. 96-97). This conversation was not disclosed or produced as part of the plaintiff's initial disclosures.

The plaintiff testified that she still possessed the recorded phone conversation. Based upon that testimony and agreement of the parties' counsel, the defendant's counsel terminated the deposition subject to an agreement placed on the record with the plaintiff's counsel that a copy of the recording would be provided to defense counsel by Friday, August 16, and that the plaintiff's deposition would be scheduled to continue after that production (*id.* at pp. 102-103).

Following the termination of the plaintiff's deposition, counsel corresponded concerning the recording. On August 14, 2013, the defendant's counsel sought confirmation that the recording would be provided on the agreed date of August 16, 2013 (doc. 28-5). In response, the plaintiff's counsel indicated that he would be "gone Fri[day]-Sun[day]" and provided no other information concerning the recording (*id.*). That same date, the defendant's counsel sent another email to the plaintiff's counsel seeking confirmation, and the plaintiff's counsel then responded on August 15, 2013, that he did not "have them yet" and would "get back" to TKIS's counsel on Monday, August 18, 2013 (*id.*).  On August 16, 2013, the plaintiff's counsel sent defense counsel an email stating, "I can ship you the recorder, but there is no recording on it" (doc. 28-6).

In response to the motion for sanctions, the plaintiff submitted an affidavit stating that, after her deposition was suspended, she located the tape recorder and listened again to the recorded conversation.  She then took the recorder to her attorney's office and

left it. The plaintiff stated, "To the best of my knowledge, the recorded conversation was still on the tape recorder when I left it there" (doc. 30-1).

The plaintiff's counsel sent an email to defense counsel on August 19, 2013, stating that he received the small recorder, but did not attempt to operate it. He called Legal Eagle and asked them to pick the recorder up to have the conversation in question made into an electronic file. The plaintiff's counsel later received a call from Russ Carnahan of Legal Eagle who reported that he could not find the conversation in question on the recorder (doc. 28-7). The plaintiff testified in her affidavit that, after she received information that the tape recorder did not have the recorded conversation on it, she attempted to listen again to the recorded conversation, but she could not find it on the tape recorder (doc. 30-1).

## APPLICABLE LAW AND ANALYSIS

The defendant seeks sanctions against the plaintiff for the spoliation of relevant evidence and abuse of the discovery process. Specifically, the defendant seeks in its motion: 1) attorney fees and costs for the expense of suspending the plaintiff's deposition and having to eventually return to South Carolina to complete her deposition; and 2) an instruction allowing the jury to infer the information on the recording was adverse to the plaintiff's claims.

Evidence spoliation is sanctionable if: (1) the destroyed evidence was relevant to the litigation; (2) the party was under a duty to preserve the evidence at the time it was destroyed; and (3) the party acted with "the requisite level of intent, which varies depending on the sanction imposed." *Nucor Corp. v. Bell*, 251 F.R.D. 191, 194 (D.S.C. 2008).

The plaintiff concedes that the first two factors have been met in this case. However, the plaintiff argues that there has been no showing that she acted with the requisite level of intent for imposition of the sanctions sought by the defendant. In *Nucor*, the Honorable David C. Norton, United States District Judge, stated, "When dealing with adverse inference charges, the sanction is only appropriate if the spoliator's 'willful conduct

3

resulted in [the evidence's] loss or destruction.' " *Id.* (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)). In *Hodge v. Wal-Mart Stores, Inc.*, the United States Court of Appeals for the Fourth Circuit stated, "[S]uch an [adverse] inference 'cannot be drawn merely from his negligent loss or destruction of evidence; the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction.'" 360 F.3d 446, 450 (4th Cir. 2004) (quoting *Vodusek*, 71 F.3d at 156). Although the conduct must be intentional, the party seeking sanctions need not prove bad faith. *Vodusek*, 71 F.3d at 156.

"Sanctions that a federal court may impose for spoliation include assessing attorney's fees and costs, giving the jury an adverse inference instruction, precluding evidence, or imposing the harsh, case-dispositive sanctions of dismissal or judgment by default." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010) (citations omitted). "[A]ppropriate sanctions should (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Id.* at 534 (internal quotations omitted).

Given the lack of any evidence that the plaintiff intentionally caused the destruction of the recording at issue, this court recommends that the defendant's request for the sanctions of attorney fees and costs and an adverse inference instruction be denied. At the hearing, the defendant also requested that the plaintiff be precluded from presenting any evidence at trial regarding the recording of the conversation with Ms. Romick and Mr. Gardner. The plaintiff's counsel stated that he did not oppose such a sanction. The undersigned finds that this is the most appropriate sanction under the facts presented here and thus recommends that the plaintiff be precluded from presenting any evidence at trial regarding the recording.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion for sanctions (doc. 28) be granted in part and denied in part as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 11, 2013
Greenville, South Carolina