IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rosalia Choice, | ) | |
| | ) | Civil Action No. 6:13-479-TMC-KFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Thyssen Krupp Industrial Services NA, Inc., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      The plaintiff brought this action against the defendant, her employer, alleging violations of the Equal Pay Act, the Fair Labor Standards Act, and the South Carolina Payment of Wages Act. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), DSC, this matter was referred to a magistrate judge for pretrial handling. The defendant has filed a motion for sanctions for spoliation of evidence. (ECF No. 28). After full briefing and a hearing on that motion, the magistrate judge has issued his Report and Recommendation ("Report"), recommending that this court grant the defendant's motion in part and deny it in part. (ECF No. 56). The defendant objects to the Report, requesting harsher sanctions. (ECF No. 64). The plaintiff has responded to the defendant's objections (ECF No. 68) and this matter is now ripe for the court's review.

      The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. §

636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

## BACKGROUND

This dispute revolves around a recorded telephone conversation between the plaintiff and two of the defendant's employees. At her deposition, the plaintiff testified that she had secretly recorded the conversation and still had the recording in her possession. This was the first the defendant had heard of the recording, so the parties stopped the deposition and plaintiff's counsel agreed to provide a copy to defense counsel.

According to the plaintiff, she listened to the recording again after her deposition and then brought the recorder to her attorney's office. The plaintiff's attorney, without first listening to or checking the recording, then contacted Legal Eagle, a reputable document management firm, to retrieve the recorder and convert the conversation to an electronic file. A Legal Eagle employee later informed the plaintiff's attorney that he could not locate the conversation on the recorder. Neither the plaintiff nor her attorney can now find the conversation.

As a result, the defendant has moved for sanctions. In particular, the defendant requests reimbursement for costs and attorneys' fees associated with resuming the plaintiff's deposition and an adverse inference jury instruction. At the hearing before the magistrate judge on this motion, the defendant also requested that the plaintiff be precluded from presenting any evidence at trial regarding the recording of the conversation and the plaintiff did not oppose that sanction. Accordingly, the Report recommends precluding the plaintiff from presenting evidence at trial regarding the recording. However, the defendant objects, asserting that the plaintiff's conduct calls for more severe sanctions, specifically, those requested in its original motion.

**LEGAL STANDARD**

Spoliation is the "destruction or material alteration of evidence . . . or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). The court may impose sanctions for spoliation when: (1) the evidence allegedly altered or destroyed is relevant to the litigation, (2) the spoliating party was under a duty to preserve the evidence, and (3) the spoliating party acted with the requisite level of intent. *See Nucor Corp. v. Bell*, 251 F.R.D. 191, 194 (D.S.C. 2008); *Atkinson v. House of Raeford Farms, Inc.*, Civil Action No. 6:09-cv-01901-JMC, 2012 WL 1458181, at *2 (D.S.C. April 27, 2012). When these factors are satisfied, "the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995).

**DISCUSSION**

Neither party has objected to the Report's finding that spoliation did occur and that sanctions are appropriate. Rather, the parties only disagree as to the appropriate degree of sanction. The defendant asks this court to impose the additional sanctions of awarding attorneys' fees and costs and an adverse inference jury instruction and asserts that an adverse inference instruction is necessary to redress the plaintiff's undisputed spoliation. The court disagrees and declines to impose sanctions in addition to those agreed upon by the parties and recommended in the Report.

While courts have broad discretion to choose an appropriate sanction, many base their decision on the spoliating party's level of intent. *See Sampson v. City of Cambridge, MD*, 251 F.R.D. 172, 179 (D. Md. 2008) (citing *Silvestri*, 271 F.3d at 590) ("the Fourth Circuit requires

3

only a showing of fault, with the degree of fault impacting the severity of the sanctions."). "When dealing with adverse inference charges, the sanction is only appropriate if the spoliator's 'willful conduct resulted in [the evidence's] loss or destruction.'" *Nucor Corp.*, 251 F.R.D. at 194 (quoting *Vodusek*, 71 F.3d at 156). Such an inference "cannot be drawn merely from [the party's] negligent loss or destruction of evidence," but the party need not have acted in bad faith. *Vodusek*, 71 F.3d at 156.

Here, the evidence suggests nothing more than negligence resulted in the recording's destruction. Moreover, the evidence fails to show exactly how the recording disappeared or whose act caused the loss. Thus, the court cannot determine that some willful conduct on the part of the plaintiff or her attorney resulted in the loss or destruction of the recording. In addition, the defendant has access to both parties to the conversation and may examine them both. Accordingly, the court agrees with the Report that precluding the plaintiff from introducing evidence of the recording at trial levels the evidentiary playing field and imposes an appropriate sanction. Without a more culpable level of intent and a connection between the plaintiff's actions and the destruction of evidence, additional sanctions are not justified.

## CONCLUSION

Therefore, after a thorough review of the Report and the record in this case, the court agrees with the Report and incorporates it herein. Accordingly, the defendant's motion for sanctions (ECF No. 28) is GRANTED in part and DENIED in part as set forth above and in the Report.

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

June 10, 2014
Anderson, South Carolina

4