IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Rosalia Choice, ) | |
| ) | Civil Action No. 6:13-cv-479-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ThyssenKrupp Industrial Services, NA, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Rosalia Choice ("Choice"), filed this action in state court against her former employer, ThyssenKrupp Industrial Services NA, Inc. ("TKIS"), claiming employment discrimination based on her sex in violation of the Equal Pay Act ("EPA"), failure to pay overtime under the Fair Labor Standards Act ("FLSA"), and diversion of wages under the South Carolina Payment of Wages Act ("SCPWA"). (ECF No. 1-1). This action was removed by TKIS on the basis of federal question jurisdiction. (ECF No. 1). On February 3, 2014, Choice filed an amended complaint asserting an additional cause of action of retaliation for actions taken by TKIS after she filed the state court action. (ECF No. 70). TKIS has filed a motion for summary judgment, a motion in limine, and a motion to strike portions of Choice's affidavit. (ECF Nos. 107, 108, 124). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., the motions for summary judgment and to strike portions of the affidavit were referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to grant the motion for summary judgment and to grant in part and deny in part the motion to strike portions of the

affidavit. (ECF No. 144).[1] Choice failed to file timely objections, and she filed a motion to file objections out of time. (ECF No. 147). Choice also filed her untimely objections. (ECF No. 145). TKIS responded to the motion to file untimely objections, noting that Choice failed to file responses within the allotted time period on two previous occasions. (ECF No. 151). Choice has also filed a motion to supplement the record to include pages from the deposition of Wade Moore which were "inadvertently and unknowingly omitted" from Attachment D of her response in opposition to the motion for summary judgment. (ECF No. 150). TKIS filed a response in opposition, asserting that her motion does not indicate that the omission affected the Report. (ECF No. 161).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court will grant the motion to file untimely objections (ECF No. 147).[2] Most of Choice's objections reiterate her arguments that she raised to the magistrate judge and do not specifically address the Report. *See Norris v. Moore*, No. 8:12-cv-1162, 2013 WL 5332851, at

---

[1] Choice did not make any arguments or offer any evidence in opposition to TKIS's motion for summary judgment with regard to the FLSA and SCPWA claims. (ECF No. 144 at 27). Therefore, the magistrate judge properly recommended that summary judgment be granted on those claims. *See* Fed. R. Civ. P. 56(e)(3).

[2] The court acknowledges the pattern of missed filing deadlines on the part of Choice in this case. For future reference, the court notes that filing deadlines in federal court established by statute, rule, or order, are not suggestions but rather requirements imposed to promote the timely and orderly disposition of cases and management of the court's docket.

*3 (D.S.C. Sept. 23, 2013) ("General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge . . . . Such objections, stating no more than a general disagreement with the magistrate judge's findings, do not alert the court to errors and are thus not accurately labeled as 'objections.'" (internal citations omitted)).  To those matters to which Choice failed to specifically object, the court only has to review those portions of the Report for clear error.  *See id.* (citation omitted).

The court has been able to discern from the lengthy, general objections two specific objections to the Report.  The first specific objection relates to the magistrate judge's recommendation about TKIS's motion to strike her affidavit.  (ECF No. 145 at 13–18).  She claims that she is able to testify about what she personally observed in the workplace.  (ECF No. 145 at 13–18).  She asserts that the magistrate judge erred when he struck paragraphs 14, 19, and 25 from her affidavit.[3]

"[A]n affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court."  *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).  The affidavit must "contain admissible evidence and be based on personal knowledge."  *Id.*  Therefore, it "cannot be conclusory . . . or based upon hearsay."  *Id.*  (citations omitted).

Paragraph 14 of Choice's affidavit states, in pertinent part: "Sparks told me that I was not allowed to take my break in this area, even though others regularly did so, and that I was not supposed to have a phone in the facility, even though others regularly used phones in the

---

[3] The magistrate judge also struck other portions of her affidavit.  (ECF No. 114 at 9–11).  Choice did not object to that portion of the Report.  Because she failed to file any specific objections to that portion of the Report, she has waived her right to de novo review on those issues.  *See* 28 U.S.C. § 636 (indicating that a court only has to conduct de novo review to any portion of the Report to which specific, written objections are made); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that the court need not conduct de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").  TKIS did not object to the portions of the Report that denied its motion to strike portions of Choice's affidavit.  The court finds that the magistrate judge did not commit clear error.

facility." (ECF No. 119-2 at 5). This statement is conclusory and fails to establish who took breaks outside the designated break area or used their cell phones in the facility. Thus, the magistrate judge properly struck this statement from her affidavit.

Paragraph 19 of her affidavit states: "During my tenure at the warehouse, it was common for employees to call in and announce that they would not be coming into work despite being scheduled." (ECF No. 119-2 at 6). This is a conclusory statement that seeks to establish a comparable without providing any information. It also appears to lack personal knowledge and is based on hearsay; it does not state that the employees called her to say that they were not coming into work when they were scheduled. Therefore, the magistrate judge properly struck paragraph 19 from the affidavit.

Paragraph 25 of her affidavit states, in pertinent part, that Jeff Desch, an alleged comparator, "provided no other duties besides the same team lead duties that I was doing." (ECF No. 119-2 at 7). This is the exact type of statement that was struck from the affidavit in *Evans* where the court struck "self-serving opinions without objective corroboration" about the "qualifications and the abilities of her colleagues." *Evans*, 80 F.3d at 962. Choice has failed to provide any objective evidence to corroborate her statement. Thus, that portion of paragraph 25 should be stricken.

However, even if these portions of Choice's affidavit are not stricken, such statements fail to establish a genuine issue of material fact. For Choice to establish that she was treated differently than her comparators, she is "required to show that [she is] similar in all relevant respects to [her] comparator." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. July 6, 2010) (citations omitted) (unpublished). "Such a showing would include evidence that the employees 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the

4

same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Id.* (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

In paragraphs 14 and 19 of her affidavit, Choice discusses "comparators" without identifying those persons or when each situation occurred. She does not indicate which employees have used phones in the facility without being disciplined, or which employees called into work to stay home even though they were scheduled to work and were not disciplined. Moreover, with regard to paragraph 14, Choice fails to identify any employee who refused to put a cell phone away after being instructed to do so by a supervisor, which is what resulted in her being written up. With regard to paragraph 19, her affidavit fails to identify any employee who was not disciplined for refusing to come into work and hanging up the phone on her supervisor when he asked her to come into work as scheduled. Thus, paragraphs 14 and 19 as well as the referenced portion of paragraph 25 of Choice's affidavit are too vague and conclusory to establish a genuine issue of material fact.

The second specific objection the court was able to glean from Choice's lengthy, general objections is that the magistrate judge erred when he found that her assignment to first shift was not in retaliation for engaging in protected activity. (ECF No. 145 at 22). Choice claims that the decision by TKIS not to accommodate her need for third shift was done with the intention to cause her to quit her job. (ECF No. 145 at 22). TKIS reassigned Choice over nine months after she filed this lawsuit. The undisputed facts in this case establish that TKIS reassigned Choice because the facility where she was working, BMW, deactivated her access badge and told TKIS she could not return to work there. Instead of terminating her employment, as all parties agree that TKIS could have done, it reassigned her to a warehouse where she received no change in her

5

job title, pay, or benefits. *See Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (An adverse employment action requires "some significant detrimental effect and 'absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position.'" (quoting *Boone v. Goldin,* 178 F.3d 253, 256–57 (4th Cir. 1999))). Choice admitted that TKIS had no responsibility to permanently accommodate her shift preference. (ECF No. 145 at 22). Therefore, this objection is without merit.

The court has reviewed the motion to supplement the record. The court finds that the magistrate judge considered all of Choice's arguments in her response to the motion for summary judgment and did not fail to consider an argument because she omitted pages from a deposition. For that reason and because Choice did not specifically object to the portion of the Report discussing the substance of the omitted pages, the motion is moot.

After a thorough review of the Report and the record in this case, in accordance with the standards set forth above, the court adopts the magistrate judge's Report (ECF No. 144) and incorporates it herein. It is therefore **ORDERED** that TKIS's motion for summary judgment (ECF No. 107) is **GRANTED**. The motion to strike portions of Plaintiff's affidavit (ECF No. 124) is **GRANTED** in part and **DENIED** in part. The motion to file objections out of time (ECF No. 147) is **GRANTED**. The motion to supplement the record (ECF No. 150) is **DENIED** as moot. The motion in limine (ECF No. 108) is **DENIED** as moot.

**IT IS SO ORDERED.**


                                                          s/Timothy M. Cain
                                                          United States District Court Judge

May 18, 2015
Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.